UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
--------------------------------------------------------
                                                :
MICHAEL SALLING,                                :        CASE NO. 1:09-CV-2160
                                                :
            Plaintiff,                          :
                                                :
vs.                                             :        ORDER & OPINION
                                                :        [Resolving Doc. No. 25]
BUDGET RENT-A-CAR SYSTEMS,                       :
INC., *et al.*,                                 :
                                                :
            Defendants.                         :
                                                :
--------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

On January 29, 2010, Plaintiff Michael Salling and Defendants Budget Rent-A-Car Systems,

Inc., Avis Budget Car Rental, LLC, and Avis Budget Group, Inc., filed a joint motion for a protective

order. [Doc. 25.]  For the reasons stated below, the Court **DENIES** the parties' joint motion.

## I.  Background

In this case, Plaintiff Salling says that the Defendants improperly charge their rental

customers a "Fuel Service" fee even when the company records that the customers returned the rental

car with a full tank of gas.  [Doc. 1-1.] Accordingly, Salling brings claims for unjust enrichment,

breach of contract, and fraud.  [Doc. 1-1 at ¶¶ 21-34.]

The parties now jointly move the Court for a protective order to govern the disclosure of

documents during discovery. [Doc. 25.]  The proposed protective order allows the parties to

designate as "CONFIDENTIAL" discovery documents they neem necessary "for the purposes of

avoiding invasion of individual privacy and or protecting trade secrets or other confidential research,

development, or commercial information . . . ." [Doc. 25 at 2.]

Case No. 1:09-CV-2160
Gwin, J.

## II.  Legal Standard & Analysis

Parties may obtain discovery regarding any matter, not privileged, that is relevant to the subject matter involved in the pending action. FED. R. CIV. P. 26(b)(1).  However, the Federal Rules of Civil Procedure vest a trial court with the authority to "make any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense . . ." upon a showing of good cause. FED. R. CIV. P. 26(c).  The decision to grant a motion for a protective order is within the sound discretion of a trial court. *Procter & Gamble Co. v. Bankers Trust Co.*, 78 F.3d 219, 227 (6th Cir. 1996).

When deciding whether to grant a protective order, a district court must remain aware that its discretion to issue protective orders is "limited by the careful dictates of [Federal Rule of Civil Procedure] 26 and 'is circumscribed by a long-established legal tradition' which values public access to court proceedings." *Procter & Gamble*, 78 F.3d at 227 (citing *Brown & Williamson Tobacco Corp. v. Fed. Trade Comm'n*, 710 F.2d 1165, 1177 (6th Cir. 1983)).  Unwarranted secrecy of court documents precludes the public's right to act as an important check on the judicial system's integrity. *Brown & Williamson.* 710 F.2d at 1179.  For this reason, a presumption in favor of public access to judicial records exists.  *See, e.g., In re Perrigo Co.*, 128 F.3d 430, 447 (6th Cir. 1997).

Even if the parties agree to the terms of a protective order, the district court should not permit them "to adjudicate their own case based upon their own self-interest. This is a violation not only of Rule 26(c) but of the principles so painstakingly discussed in *Brown & Williamson.*" *Procter & Gamble*, 78 F.3d at 227.  The district court "cannot abdicate its responsibility to oversee the discovery process and to determine whether filings should be made available to the public. It certainly should not turn this function over to the parties. . . ." *Id.*; *see also Citizens First Nat'l Bank*

-2-

Case No. 1:09-CV-2160
Gwin, J.

*v. Cincinnati Ins. Co.*, 178 F.3d 943, 945 (7th Cir. 1999); *Leucadia, Inc. v. Applied Extrusion Techs., Inc.*, 998 F.2d 157, 165 (3d Cir. 1993).

This Court operates as a public forum, not as a private dispute resolution service. *United States v. Ford*, 830 F.2d 596, 599 (6th Cir. 1987). In deciding whether to allow civil litigants to file records under seal, the Court must consider "the rights of the public, an absent third party" to whom the Court ultimately is accountable. *Wilson v. Am. Motors Corp.*, 759 F.2d 1568, 1570 (11th Cir. 1985).

To prevail on a request to seal information in a court's records, the movant must therefore make a specific showing that disclosure of the information would result in serious competitive or financial harm. *Tinman v. Blue Cross & Blue Shield of Mich.*, 176 F. Supp. 2d 743, 745 (E.D. Mich. 2001); *see also Republic of the Philippines v. Westinghouse Elec. Corp.*, 949 F.2d 653, 663 (3d Cir. 1991); *Fed. Trade Comm'n v. Standard Mgt. Corp.*, 830 F.2d 404, 412 (1st Cir. 1987); *Brown & Williamson*, 710 F.2d at 1180. This Court has adopted this requirement and therefore demands that the movant for a protective order show substantial personal or financial harm before the Court will grant an order to seal any documents.

The parties fail to meet this burden in this case. The proposed protective order submitted by the parties is over-broad and unspecific. The parties have asked the Court for blanket authority to designate documents as "CONFIDENTIAL" or "CONFIDENTIAL-ATTORNEY'S EYES ONLY" and to file such documents under seal. The proposed order would allow any party broad discretion to so designate a document, limited only by a promise to use "reasonable care to avoid designating any documents or information which are generally available to the public." [Doc. 25 at 6.]

Case No. 1:09-CV-2160
Gwin, J.

The parties have not sufficiently demonstrated that this case warrants such a broad order. They have failed to show that public disclosure of this information would cause the Plaintiff, the Defendants, or any other entities or persons serious financial or personal harm.

The parties are free to enter into a private contractual confidentiality agreement with respect to disclosure of documents and information.  Moreover, the Court does not intend to prevent any of the parties from moving to seal an individual document in the file, provided that the moving party makes the required particularized showing.  At the present time, however, the parties have not demonstrated a need in this case for a broad protective order sufficient to overcome the general presumption in favor of public disclosure and open proceedings.

### III.  Conclusion

For the foregoing reasons, this Court **DENIES** the parties' joint motion for a proposed protective order.

IT IS SO ORDERED.


Dated: February 2, 2010                         s/          *James S. Gwin*
                                                JAMES S. GWIN
                                                UNITED STATES DISTRICT JUDGE