UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
------------------------------------------------------
:
MICHAEL SALLING, :
: CASE NO. 1:09-CV-2160
Plaintiff, :
:
vs. : OPINION & ORDER
: [Resolving Doc. No. 38]
BUDGET RENT-A-CAR :
SYSTEMS, INC., *et al.,* :
:
Defendants. :
:
------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

In this breach of contract and fraud case, Defendants Budget Rent-A-Car Systems, Inc., Avis Budget Car Rental LLC, and Avis Budget Group, Inc., (collectively "Budget"), move this Court for summary judgment. [Doc. 38.]  Plaintiff Michael Salling opposes Budget's motion. [Doc. 46.] Budget has replied. [Doc. 51.]

For the following reasons, the Court **GRANTS** the Defendants' motion for summary judgment and dismisses all claims against all Defendants.

**I. Background**

Plaintiff Michael Salling brings this putative class action against the Defendant car rental companies based on their fuel charge practices.  In essence, Plaintiff says that the Defendants charge customers for fuel even though the customers return their rental cars with a full tank of gas.

Under Budget's EZFUEL program, Budget automatically assess a fixed $13.99 fuel and

-1-

Case No. 1:09-CV-2160
Gwin, J.

service fee to customers that drive less than 75 miles. [Doc. 38-1 at 10.] If the EZFUEL charge is applied, the renter must present a gas station receipt showing gas was purchased and the tank refilled to avoid the charge. Budget says the receipt requirement ensures that cars actually come back with full tanks. It says that many gas gauges are inaccurate and will register as full even after a car has been driven for some time. [*Id.* at 11.]

Plaintiff Salling rented a car from Defendant Budget at the Cleveland airport. [Doc 1-1 at ¶8.] Salling does not recall much about the transaction, although he does say the counter agent explained three refueling options to him: (1) Pay up-front for a full-tank of gas at the time of rental and do not pay an additional fee when the car is returned with a less-than-full tank; (2) do not purchase gas up-front, and instead pay a per-mile or per-gallon refueling fee upon return; or (3) return the car with a full tank and avoid a fuel service charge and, if requested, present a receipt. [*Id.* at 15.] Salling did not read any portion of his rental contract prior to signing it. [Doc. 37 at 27.] He does admit, however, that his signature is on the rental contract, and that he initialed it several times, including alongside the language disclosing the EZFUEL policy. [*Id.* at 28.]

Salling drove 64 miles and returned the car the next day. [Doc 1-1 at ¶9.] He says he refueled the car prior to returning it, and that he informed a Budget counter agent of this, but did not show a receipt. [Doc 46 at 8.] Budget charged Salling the $13.99 EZFUEL fee. [Doc 38-1 at 16.]

In Salling's deposition, he stated that he rented the car to move boxes from his mother's house to his own apartment. [Doc 37 at 22.] He has since stipulated, however, that a "significant reason" for his renting the car was "for the purposes of testing Budget's refueling policy for low-mileage rentals, and investigating a lawsuit against Budget." [Doc 67 at 2.] Salling now says a childhood friend, then an associate attorney with Plaintiff's counsel, approached him and advised

-2-

Case No. 1:09-CV-2160
Gwin, J.

him to rent a car from Budget "for the express purpose" of testing its refuel policy. [*Id.*]

## II. Legal Standard

Summary judgment is appropriate where the evidence submitted shows "that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c). Under 56(c), summary judgment is proper "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." *Daugherty v. Sajar Plastics, Inc.,* 544 F.3d 696, 702 (6th Cir.2008). The moving party has the initial burden of showing the absence of a genuine issue of material fact as to an essential element of the non-moving party's case. *See Celotex Corp. v. Catrett,* 477 U.S. 317, 323 (1986). "A fact is material if its resolution will affect the outcome of the lawsuit." *Martingale, LLC v. City of Louisville*, 361 F.3d 297, 301 (6th Cir. 2004) (citing *Daughenbaugh v. City of Tiffin,* 150 F.3d 594, 597 (6th Cir. 1998) (quoting *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986))).

The moving party meets its burden by "informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp.,* 477 U.S. at 323 (quoting FED. R. CIV. P. 56(c)). However, the moving party is under no "express or implied" duty to "support its motion with affidavits or other similar materials negating the opponent's claim." *Id.*

Once the moving party satisfies its burden, the burden shifts to the non-moving party to set forth specific facts showing a triable issue. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 587 (1986). It is not sufficient for the nonmoving party merely to show that there is

-3-

Case No. 1:09-CV-2160
Gwin, J.

some existence of doubt as to the material facts. *See id.* at 586. Nor can the non-moving party rely upon mere allegations or denials of its pleadings. FED. R. CIV. P. 56(e). In responding to a summary judgment motion, the non-moving party "cannot rely on the hope that the trier of fact will disbelieve the movant's denial of a disputed fact, but must present affirmative evidence in order to defeat a properly supported motion for summary judgment." *Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1477 (6th Cir.1989) (internal quotation omitted). The non-moving party must adduce more than a scintilla of evidence to overcome the summary judgment motion. *Id*.

In deciding a motion for summary judgment, the Court views the factual evidence and draws all reasonable inferences in favor of the non-moving party. *Thomas v. Cohen,* 453 F.3d 657, 660 (6th Cir. 2004) (citations omitted). "The disputed issue does not have to be resolved conclusively in favor of the non-moving party, but that party is required to present some significant probative evidence that makes it necessary to resolve the parties' differing versions of the dispute at trial.*" 60 Ivy Street Corp. v. Alexander*, 822 F.2d 1432, 1435 (6th Cir. 1987) (citing *First Nat'l Bank of Ariz. v. Cities Serv. Co.,* 391 U.S. 253, 288-89 (1968)). Ultimately the Court must decide "whether the evidence presents sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Martingale*, 361 F.3d at 301 (citing *Terry Barr Sales Agency, Inc. v. All-Lock Co., Inc.,* 96 F.3d 174, 178 (6th Cir. 1996)) (internal quotations omitted).

### III. Analysis

#### A. Breach of Contract

The Defendants say this Court must grant them summary judgment on Plaintiff's breach of contract claim because the terms of the contract at issue clearly and unambiguously permit the fee

Case No. 1:09-CV-2160
Gwin, J.

Plaintiff alleges in his Complaint. [Doc. 38-1 at 17.] Plaintiff responds that the contract contains a confusing ambiguity as to the fuel charge options and that determining whether a breach actually occurred is a question for the trier of fact. [Doc. 46 at 13.] Because there is no doubt that the interpretation advanced by Budget is the only one that can fairly be placed on the disputed language, this Court will grant summary judgment for Defendants.

There is no dispute that Ohio law governs the interpretation of the Salling-Budget contract. Under Ohio law, to state a claim for breach of contract Plaintiff must allege: "the existence of a contract, performance by the plaintiff, breach by the defendant, and damage or loss to the plaintiff." *Doner v. Snapp*, 649 N.E.2d 42, 44 (Ohio Ct. App. 1994).

The interpretation of a contract is, in the first instance, a matter of law for the court. *Blair v. McDonagh*, 894 N.E.2d 377, 388 (Ohio Ct. App. 2008). Salling says the contract includes: (1) the initialed sales agreement (the "Rental Document"); (2) the Rental Document Jacket with the Rental Terms and Conditions (the "Rental Terms and Conditions"); and (3) the EZFUEL Post-It attached to the Rental Document Jacket (the "Rental Jacket and Post-It"). [Doc 46 at 12.] Budget agrees these documents are part of the contract, [Doc 38-1 at 17], but both parties also rely on the text of the Fuel Service Placard located at the Cleveland airport Budget rental counter (the "Fuel Service Placard") in their briefs. This Court finds, for the reasons discussed below, that the Fuel Service Placard is also part of the contract.

First, the controlling provisions of the Rental Terms and Conditions are:

> 10. Fuel Service Charge. Most rentals come with a full tank of fuel, but that is not always the case. There are three refueling options:
>
> (a) Where available, if permitted by law, if you drive less than 75 miles, you acknowledge that we will add a flat fee to the rental, the

-5-

Case No. 1:09-CV-2160
Gwin, J.

> amount of which will be disclosed on the rental document and at the counter prior to rental. You may avoid this charge at time of return by providing a receipt for fuel purchased at which time the flat fee will be reversed from your total rental charges.
>
> (b) If you do not accept the fuel service option, where available, at the beginning of your rental, and you return the car with less fuel than was in it when you received it, we will charge you a fuel service charge at the applicable rate per-mile or per-gallon specified on the rental document. . . . . [Calculations omitted.]
>
> (c) If you accept the fuel service option at the beginning of your rental, you will be charged as shown on the rental document for that purchase and you will not pay us a fuel service charge. . . .
>
> (d) You may avoid a fuel service charge if you return the car with the fuel tank as full as when you received it and, if requested by us, present a receipt for your fuel purchase.

[Doc. 38-2 at 5] (emphasis in original). The Rental Terms and Conditions provides formulae, not exact prices, for calculating the cost of the individual fuel service options. For the input prices, the Rental Terms and Conditions directs the reader to both the Rental Document and also "at the counter," the Fuel Service Placard located above Budget's customer rental counter.

The next piece of the contract is the Fuel Service Placard displayed at the Cleveland airport location where Salling rented. This document is made part of the contract by either express cross-reference in the Rental Terms and Conditions or as non-excluded extrinsic evidence. The parol evidence rule does not exclude contemporaneous written agreements, which are part of the contract. *See Williams v. Spitzer Autoworld Canton, L.L.C.*, 913 N.E.2d 410, 415 (Ohio 2009); *Galmish v. Cicchini*, 734 N.E.2d 782, 788 (Ohio 2000).

Budget prominently displays the Fuel Service Placard behind its Cleveland airport rental counter. [Doc 38-1 at 12.] Salling does not dispute this. [Doc 46 at 16-17.] Read in tandem, the Rental Terms and Conditions lists the fuel options available and the Fuel Service Placard provides

-6-

Case No. 1:09-CV-2160
Gwin, J.

the prices of the fuel options. The operative language of the Fuel Service Placard is:

> Your Refueling Options:
>
> 1. Advanced Fuel Option        Advanced Fuel Rate $2.79
>    Simply purchase a full tank of fuel at the time of rental. This allows you the convenience of returning the car without taking the time to refill the tank. There is no refund/credit for unused fuel; or
>
> 2. EZFUEL(tm)        Flat Fuel Rate    $13.99
>    If you drive fewer than 75 miles, save time and do not refill the tank. Budget will <u>automatically</u> add a charge to the rental for fuel. If you do refill the tank, simply <u>present a receipt</u> and Budget will <u>remove the charge</u>; or
>
> 3. Refueling Service        Refueling Service $7.98 per/gal.
>    Return the car with less fuel than when rented and pay a fuel service charge for the fuel used. This charge is generally higher than retail fuel prices; or
>
> 4. Self Refueling        Local Avg. Fuel Rate $2.84 per/gal.
>    Take the time to locate a gas station to completely refuel right before returning the car with the same amount of fuel as when rented. You may be asked to show a receipt.

[Doc 38-10 at 2.] As discussed below, the Fuel Service Placard, like the Rental Terms and Conditions, draws a distinction between the over-75-mile renters (those who may elect one of the fuel options) and the under-75-mile renters (those who are subject to the automatic EZFUEL charge).

The next writing is the Rental Document Salling signed and initialed. The Rental Document corroborates the fuel service prices on the Fuel Service Placard, stating:

> FUEL SERVICE:     .3195/MI
>
> 7.989/GALLON
>
> ~~~FUEL SERVICE ADD'L IF CAR IS RETURNED WITH LESS
>
> FUEL THAN WHEN RENTED. 00-74 MILES $13.99 FUEL FEE
>
> ADDED. TO REMOVE SHOW RECEIPT. X _____

[Doc. 38-2 at 2.] Salling signed the Rental Document and initialed the EZFUEL disclosure on the

-7-

Case No. 1:09-CV-2160
Gwin, J.

line provided. [Doc. 38-1 at 12.]

Finally, the contract also includes a Rental Jacket and Post-It that closely mirrors the EZFUEL language in Option 2 of the Fuel Service Placard and Paragraph 10(a) of the Rental Terms and Conditions. [Doc. 38-2 at 9-10.]

With the documents of the contract established, the Court must next interpret the contract to give effect to the intentions of the parties. The court determines construction of a contract as a matter of law. *Latina v. Woodpath Dev. Co.*, 567 N.E.2d 262, 264 (Ohio Ct. App. 1991). When the terms in a contract are unambiguous, courts will not create a new contract by finding an intent not expressed in the clear language employed by the parties. *Shifrin v. Forest City Enterprises, Inc.*, 597 N.E.2d 499, 501 (Ohio 1992) (citing *Alexander v. Buckeye Pipe Line Co.*, 374 N.E.2d 146, 150 (Ohio 1978) (superceded by statute on other grounds)); *Herder v. Herder*, 288 N.E.2d 213, 215 (Ohio Ct. App. 1972).

Here, as a preliminary issue, Salling's decision to not read any part of the contract does not void the effect of the unread provisions contained within. A court must interpret a contract by its plain meaning even if one of the parties has failed to read the contract. *Seringetti Const. Co. v. City of Cincinnati*, 553 N.E.2d 1371, 1377 (Ohio Ct. App. 1988) (reading provisions of a contract together even where one provision in one section of a contract did not "prompt" a thorough reading of all provisions in another section). "Every person is obliged to read a contract before signing it and, in the absence of fraud or mistake, or some other reason requiring equitable relief, is held to the terms of the agreement signed." *Hughes v. Cardinal Federal Sav. & Loan Ass'n*, 566 F.Supp. 834, 844 (S.D. Ohio 1983) (rejecting borrowers' argument that they did not understand that interest rates on their loans could be varied where borrowers had signed a paper acknowledging receipt of a

Case No. 1:09-CV-2160
Gwin, J.

brochure explaining the variable interest rate feature of their loans). Because Salling came to the transaction with a less-than-genuine motive, [Doc. 67], and Budget did not coerce or hustle him, this Court finds no reason to release Salling from the unread, written terms of the contract.

The instant contract, interpreted by its plain meaning, unambiguously says this: at the time of rental, a Budget renter must either accept or reject the Placard Option 1 / Paragraph 10(c) Fuel Service Option. If the renter accepts the Fuel Service Option, the renter buys a full tank of gas at $2.79/gallon, no matter how much fuel is in the tank when the vehicle is returned. Next, if during the rental period the renter drives more than 74 miles–a determination that no party can ascertain at the time of rental–two additional options become available to the renter: (1) Placard Option 3 / Paragraph 10(b) return the car with a less-than-full tank and pay $7.98/gallon or $.3195/mile, or (2) Placard Option 4 / Paragraph 10(d) bring the vehicle back full and pay no charge. But if, as Salling did, the renter drives 0 to 74 miles, the over-74-mile rental options are not available, and Budget automatically applies EZFUEL Option 2 / Paragraph 10(a). Option 2 / Paragraph 10(a) automatically levies a $13.99 charge, a charge that is refundable only if the renter presents a gas receipt.

The essence of Plaintiff's argument is that none of the EZFUEL provisions– Paragraph 10(a) of the Rental Terms and Conditions, the Rental Document, the EZFUEL Post-It Note, and Option 2 of the Fuel Service Placard–apply to him. Salling says he chose the "option" to (1) drive less than 74 miles, (2) self refuel the vehicle, (3) not present a receipt to Budget, and (4) not be subject to the EZFUEL $13.99 charge. This option does not exist under any construction of the contract. Even interpreting the contract against Budget and most favorably to Salling, the Court finds Plaintiff's construction of the contract untenable and unreasonable.

If, as Plaintiff says, Placard Option 4 / Paragraph 10(d) applies to his 64 mile rental,

Case No. 1:09-CV-2160
Gwin, J.

Paragraph 10(a), Placard Option 2, the Rental Document provision "00-74 MILES $13.99 FUEL FEE ADDED.  TO REMOVE SHOW RECEIPT", and the Rental Jacket and Post-It would all become meaningless.  Ohio contract law does not permit this type of interpretation when avoidable. *See Foster Wheeler Enviresponse, Inc. v. Franklin County Convention Facilities Authority*, 678 N.E.2d 519, 526 (Ohio 1997) ("'In the construction of a contract courts should give effect, if possible, to every provision therein contained, and if one construction of a doubtful condition written in a contract would make that condition meaningless, and it is possible to give it another construction that would give it meaning and purpose, then the latter construction must obtain.'" (quoting *Farmers Nat. Bank v. Delaware Ins. Co.*, 94 N.E. 834, 835 (Ohio 1911)).

Plaintiff's desired reading favors a more general provision of the contract and ignores a specific and unambiguous provision that applies directly to his rental.  The contract specifically addresses Salling's situation as a 0-to-74-mile renter subject to the EZFUEL charge, as different from over-75-mile renters.  *See Abercrombie & Fitch v. Fed. Ins. Co.*, 2010 WL 841174, at *7 (6th Cir. Mar. 11 2010) ("a contract's specific provisions . . . control a more general provision"); *Ford Motor Co. V. John L. Frazier & Sons Co.*, 196 N.E.2d 335, 337 (Ohio Ct. App. 1964) (apparently conflicting clauses of a contract must be construed so as to give effect to the intention of the parties as gathered from the whole instrument).  Reading the contract as a whole, this Court finds that Paragraphs 10(b) and (d) and Placard Options 3 and 4 only apply to over-74-mile renters.

Because the only reasonable interpretation of the rental contract permits the EZFUEL automatic charge to Salling's 64 mile rental, the Defendants have not breached the agreement and this Court must grant judgment for the Defendants.

**B. Fraud**

Case No. 1:09-CV-2160
Gwin, J.

Salling says Budget's fraudulent acts are: (1) False addition of a "fuel service" charge on his receipt because he returned the vehicle full; (2) False addition of an EZFUEL charge because Salling relied on Paragraph 10(d) of the Rental Terms and Conditions (bring rental back with full tank and avoid charge); and (3) False statements made by Budget's counter agent to the same effect as Paragraph 10(d). [Doc. 46 at 18.] Budget says it provided accurate information to Salling regarding the EZFUEL program.[1] Because Salling cannot prove justifiable reliance on a false representation, this Court grants summary judgment for the Defendants.

The elements of a successful fraud claim are: "(a) a representation or, where there is a duty to disclose, concealment of a fact, (b) which is material to the transaction at hand, (c) made falsely, with knowledge of its falsity, or with such utter disregard and recklessness as to whether it is true or false that knowledge may be inferred, (d) with the intent to mislead another into relying upon it, (e) justifiable reliance upon the representation or concealment and (f) a resulting injury proximately caused by the reliance." *Magical Farms, Inc. v. Land O'Lakes , Inc.* 356 Fed. Appx, 795, 802 (6th Cir. 2009) (citing *Burr v. Stark Cty. Bd. of Comm'rs,* 491 N.E.2d 1101, syllabus (Ohio 1984).

First, Salling cannot show Budget made a false representation when it charged a "fuel service" EZFUEL fee. The language is false on its face, says Salling, because Salling returned the vehicle with a full tank of gas, so there is no way Budget could have refueled the vehicle. Salling reads "fuel service" out of context and ignores the rest of the contract, however. The Rental Terms and Conditions and the Fuel Service Placard define "Fuel service." Read in the proper context, the inclusion of a "fuel service" charge on Salling's receipt is not a false representation.

---

[1] Budget also says Salling's claim for fraud is duplicative of his breach of contract claim. *See Textron Fin. Corp. v. Nationwide Mut. Ins. Co.*, 684 N.E.2d 1261, 1270 (Ohio Ct. App. 1996) (generally, "the existence of a contract action . . . excludes the opportunity to present the same case as a tort claim"). Because Salling is unable to establish a *prima facie* case for fraud, the Court need not consider this argument.

-11-

Case No. 1:09-CV-2160
Gwin, J.

Salling also says the Rental Terms and Conditions are false, in particular: Paragraph 10(d) "you may avoid a fuel service charge if you return the car with the fuel tank as full as when you received it and, if requested by us, present a receipt for your fuel purchase." Again, this wording must be read in tandem with the rest of the documents that make up the Salling-Budget contract. Reading the contract in its entirety, 10(d) is not a false statement because it does not apply to under-75-mile renters. Salling fails to show that Paragraph 10(d) of his rental agreement is false. *See Rorig v. Thiemann*, 2007 WL 2462653, at *5 (S.D. Ohio Aug. 27, 2007).

Finally, Salling cannot show he justifiably relied on the "fuel service" charge on the receipt, Paragaph10(d), or the Budget counter agent's false statement that he could return the vehicle full and avoid a fuel service charge. First, Salling could not have reasonably relied on the receipt or 10(d) (or the similar language on the Fuel Service Placard and the Rental Jacket and Post-It) because, as Salling candidly admits, he never read the receipt or 10(d). Ordinarily the Court would be hesitant in granting summary judgment where fact-specific questions of reasonable reliance are afoot. *See Leal v. Holtvogt*, 702 N.E.2d 1246, 1263 (Ohio Ct. App. 1998) ("The question of justifiable reliance is one of fact and requires an inquiry into the relationship between the parties.") In this case, however, there can be no justifiable reliance because there was no reliance at all.

Finally, Plaintiff cannot say he reasonably relied on Budget's counter agent's alleged false statement. When, as here, there is a contemporaneous, completely-integrated written contract dealing with the subject matter at issue, it is unreasonable as a matter of law to rely on oral parol representations or promises within the scope of the contract made prior to or contemporaneous with its execution. *See Watkins & Son Pet Supplies v. Iams Co.*, 254 F.3d 607, 612 (6th Cir. 2001); *see also Bollinger, Inc. v. Mayerson*, 689 N.E.2d 62, 68 (Ohio Ct. App. 1996).

-12-

Case No. 1:09-CV-2160
Gwin, J.

Consequently, because Salling cannot prove justifiable reliance on a false representation, this Court grants summary judgment for the Defendants on Plaintiff's fraud claim.

### C. Unjust Enrichment

Salling says his claim for unjust enrichment is an alternative to his breach of contract claim, should this Court find there is no valid contract. [Doc. 46 at 19.] Defendants say a contract governs the Salling-Budget transaction, and that Salling admits a contract governs his relationship with Budget. [Doc. 38-1 at 22.] Responding, the Plaintiff concedes that "[i]f the Court now determines that there is a valid enforceable contract here, Mr. Salling's unjust enrichment claim is moot." [Doc. 46 at 19.]

Under Ohio law, "a plaintiff may not recover under the theory of unjust enrichment or quasi-contract when an express contract covers the same area." *Wuliger v. Mfrs. Life Ins. Co.,* 567 F.3d 787, 799 (6th Cir. 2009). Because the Salling-Budget contract is valid and enforceable, there is no unjust enrichment claim as a matter of law.

Even if this Court found no enforceable contract between Salling and Budget, this Court would still deny Salling's unjust enrichment claim. To establish unjust enrichment, a plaintiff must demonstrate: "(1) a benefit upon the defendant; (2) the defendant's knowledge of the benefit; and (3) where it would be unjust for the defendant to retain the benefit without payment." *Clemmer v. Key Bank, N.A.*, 2007 WL 5303533 at *5 (N.D. Ohio June 20, 2007) (quotation omitted). The "voluntary payment doctrine" defeats a claim for unjust enrichment when a person pays another voluntarily "in the absence of fraud, duress, compulsion or mistake of fact." *Gawry v. Countrywide Home Loans, Inc.*, 640 F. Supp. 2d 942, 956 (N.D. Ohio 2009) (quotation omitted). Under this doctrine, "a person who pays another with full knowledge of the facts will not be entitled to

-13-

Case No. 1:09-CV-2160
Gwin, J.

restitution." *Scott v. Fairbanks Capital Corp.* 284 F. Supp. 2d 880 at 894 (S.D. Ohio 2003) (quotation omitted)..

In this case, the facts most favorable to Salling show he proceeded under a mistake in the construction of the contract's terms–that is, that Placard Option 4 / Paragraph 10(d) applied to his under-75-mile rental. But "a payment made by a wrong construction of the terms of a contract, is not made under a mistake of fact, but under a *mistake of law*, and if voluntary cannot be recovered back." *Scott,* 284 F. Supp. 2d at 894 (quoting *Cincinnati v. Gas Light and Coke Co.,* 53 Ohio St. 278, 41 N.E. 239 (1895), third paragraph of syllabus) (emphasis added).  Thus, because Salling's claim for fraud has failed, and because there is no additional evidence of duress or coercion, this court must apply the voluntary payment doctrine.  Consequently, Salling is unable to show that it would be unjust for the defendant to retain the benefit without payment and Salling's claim for unjust enrichment disappears.

Finally, Salling acknowledges that a "significant reason" why he rented was "for the purposes of testing Budget's refueling policy for low-mileage rentals, and investigating a lawsuit against Budget." [Doc 67 at 2.] Contrary to his deposition, [Doc 37 at 22], Salling admits now that before renting the car he "understood that if he was charged a fee for fuel that he could be involved in a lawsuit against Budget." [*Id.*]  Under these circumstances, it is ironic that the Plaintiff attempts to rest a claim on the equitable theory of unjust enrichment.

### IV. Conclusion

For the foregoing reasons, the Court **GRANTS** Defendants' motion for summary judgment

-14-

Case No. 1:09-CV-2160
Gwin, J.

and dismisses all claims against all Defendants.

      IT IS SO ORDERED.


Dated: July 14, 2010                              *s/    James S. Gwin*
                                                              JAMES S. GWIN
                                                              UNITED STATES DISTRICT JUDGE